1  WILSON PETTY KOSMO & TURNER LLP
   CLAUDETTE G. WILSON (110076)
2  KRISTA M. CABRERA (190595)
   550 West C Street, Suite 1050
3  San Diego, California 92101
   Telephone: (619) 236-9600
4  Facsimile: (619) 236-9669
   **E-mail:** cwilson@wpkt.com
5  **E-mail:** kcabrera@wpkt.com

6  Attorneys for Defendant
   TARGET CORPORATION
7

**FILED**

08 JUL -9 AM 11: 49

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____  DEPUTY

8
                    **UNITED STATES DISTRICT COURT**
9
                  **SOUTHERN DISTRICT OF CALIFORNIA**
10

11  CLIFF EARL ALLEN, an individual,        Case No. **'08 CV 1224 BTM CAB**
12
                Plaintiff,                   **NOTICE OF REMOVAL OF ACTION
13                                           UNDER 28 U.S.C. § 1441(a)
          v.                                 (DIVERSITY)**
14
    TARGET CORPORATION, and DOES 1           Complaint Filed: May 15, 2008
15  through 20, inclusive,

16              Defendants.

17

18       TO THE CLERK OF THE ABOVE ENTITLED COURT:

19       PLEASE TAKE NOTICE that Defendant Target Corporation ("Target") hereby removes this

20  action from the Superior Court of the State of California, County of San Diego, Central Division, to

21  the United States District Court for the Southern District of California and set forth in support of

22  their Notice of Removal of Action the following

23       1.     On May 15, 2008, an action was commenced in the Superior Court of the State of

24  California, County of San Diego, entitled *Cliff Earl Allen v. Target Corporation and Does 1 through*

25  *20, inclusive*, as Case No. 37-2008-00083756-CU-WT-CTL. A copy of this Complaint is attached

26  hereto as Exhibit A.

27       2.     Target was personally served with the Summons and Complaint on June 9, 2008.

28

CK

3.     Target filed its Answer to the complaint on July 8, 2008. A true and correct copy of Target's Answer is attached hereto as Exhibit B.

### The Amount In Controversy Requirement Is Satisfied

4.     Plaintiff claims lost wages, emotional distress, punitive damages, attorneys fees and other associated losses and expenses resulting from his termination. Complaint, ¶¶ 19, 20, 21, Prayer. The amount in controversy requirement is satisfied in that it is facially apparent from the Complaint that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. section 1332(a).

### Complete Diversity Exists

5.     Target was, at the time of the filing of this action, and still is, a corporation duly organized and existing under the laws of the State of Minnesota and has its principal place of business in the State of Minnesota and was not and is not a citizen of the State of California.

6.     Plaintiff's Complaint alleges that Plaintiff is an individual residing in San Diego, California at all times mentioned in the Complaint. Complaint, ¶ 1.

7.     The Complaint also names Defendants Does 1 to 20. Pursuant to 28 U.S.C. section 1441(a), the citizenship of these defendants is disregarded.

8.     This is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. section 1332 and may be removed to this Court by Target pursuant to the provisions of 28 U.S.C. section 1441(a) because it is a civil action between citizens of different states and the matter in controversy herein exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

### The Other Requirements For Removal Are Met

9.     This Notice of Removal is being filed within thirty days after Target's first receipt of papers confirming the removability.

10.     This Notice of Removal is being filed within one (1) year of the commencement of this action and therefore is timely filed under 28 U.S.C. section 1446(b).

11.     Removal to this Court is proper as the Superior Court of the State of California, County of San Diego, where this action was originally filed, is located within this district.

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a) (DIVERSITY)

1      12.    Counsel for Defendants certifies that it will file a copy of this Notice of Removal with

2  the Clerk of the Superior Court of the State of California, County of San Diego, and give notice of

3  same to counsel for Plaintiff.

4

5  Dated:                                **WILSON PETTY KOSMO & TURNER LLP**

6

7                              By:                    

8                                  CLAUDETTE G. WILSON
                                    KRISTA M. CABRERA
                                    Attorneys for Defendant

9                                  TARGET CORPORATION

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a) (DIVERSITY)

1  DONALD A. GREEN (SBN 225171)
   DOAN LAW FIRM, LLP
2  2850 PIO PICO DRIVE, SUITE D
   CARLSBAD, CA 92008
3  PHONE (760)450-3333
   FAX (760)720-6082
4
   ATTORNEYS FOR PLAINTIFF, CLIFF EARL ALLEN
5

FILED
CIVIL ~~~~ ~~~ ~~~~~~ 5

~~~~ ~AY 15  ᴾ 3: 24

~~~~  ~~~~~~~ COURT
~~~~~~~~~~~~~ CA

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9           FOR THE COUNTY OF SAN DIEGO, CENTRAL DIVISION

10

11  CLIFF EARL ALLEN, an individual,          Case No.   37-2008-00083756-CU-WT-CTL

12            Plaintiff,                      COMPLAINT FOR:

13     v.                                     1. DISCRIMINATION IN
                                                 EMPLOYMENT IN VIOLATION
14  TARGET CORPORATION, and DOES 1 through       OF THE FAIR EMPLOYMENT
    20, inclusive,                               AND HOUSING ACT (FEHA);
15                                               AND
              Defendants.                     2. WRONGFUL TERMINATION IN
16                                               VIOLATION OF PUBLIC
                                                 POLICY;
17                                            3. RETALIATION

18                                            JURY TRIAL DEMANDED

19
        PLAINTIFF, CLIFF EARL ALLEN, alleges as follows:
20

21
                              PARTIES
22

23      1. Plaintiff, CLIFF EARL ALLEN, (hereinafter "PLAINTIFF" or "ALLEN") is an

    individual residing at all times herein mentioned within this judicial district in the County of San
24
    Diego, State of California at 1000 S. Anza Street, #4, El Cajon, CA 92020. Plaintiff is an African-
25
    American man, who was 50 years old at all times herein mentioned.
26
        2. PLAINTIFF is informed and believes and thereon alleges that Defendant TARGET
27
    CORPORATION (hereinafter "TARGET") is now, and at all times herein mentioned was, a
28
    corporation registered to do business in California, and has been doing business at 3424 College

1    Avenue, San Diego, CA 92115.  PLAINTIFF is informed and believes that DEFENDANT is a

2    Minnesota corporation, with headquarters located at 1000 Nicollet Mall TPN-0945, Minneapolis,

3    MN 55403, and its principal place of business in California located at 818 West Seventh St., Los

4    Angeles, CA 90017.

5         3.  DOES 1 through 20, inclusive, are sued under fictitious names.  Their true names and

6    capacities are unknown to PLAINTIFF.  PLAINTIFF will amend this complaint to allege their true

7    names and capacities when ascertained.  PLAINTIFF is informed and believes and on that basis

8    alleges that each of the fictitiously named DEFENDANTS is responsible in some manner for the

9    occurrences alleged in this complaint, and that PLAINTIFF's claims alleged in this complaint were

10   proximately caused by such DEFENDANTS.

11        4.  PLAINTIFF is informed and believes and on that basis alleges that each named

12   DEFENDANT, including DOES 1 through 20, was the agent, servant, employee, or partner of each

13   other DEFENDANT, and that each DEFENDANT was acting within the course and scope of such

14   agency, employment, partnership, or other business relationship and with the consent or the

15   ratification of each other in doing the things alleged herein.

16        5.  PLAINTIFF is informed and believes and on that basis alleges that at all times herein

17   mentioned, DEFENDANTS and each of them, were residents and/or doing business within the

18   County of San Diego, State of California, within this judicial district, and that DEFENDANTS, and

19   each of them, are responsible to PLAINTIFF pursuant to the causes of action set forth herein.

20                           **RELEVANT FACTS**

21        6.  PLAINTIFF was hired by Defendant TARGET on or about July 16, 1987, as a Store

22   Security Officer earning $6.50 per hour.  His benefits consisted of 401(k), medical, dental and vision

23   insurance, and TARGET discount.

24        7.  Effective in or about February, 2003, PLAINTIFF's job changed to Assets Protection

25   Specialist (Loss Prevention Officer Level III).  His base pay in this new position was $13.55 per

26   hour, which amounted to approximately $538 every week.

27        8.  In or about May, 2005, PLAINTIFF's supervisor changed, and Ms. Sakura Jordan

28   became the Manager of DEFENDANT's location where PLAINTIFF was employed.

Exh. A, page 5

9.  From the period of in or about July, 2005, to March 10, 2006, PLAINTIFF was treated differently by Ms. Jordan than the other Loss Prevention Officers at this location, none of whom were over forty (40) years of age and/or of African-American descent.

10.  PLAINTIFF complained to management on several occasions about the discriminatory treatment by Ms. Jordan, and, it is PLAINTIFF'S information and belief that Ms. Jordan was instructed to cease from engaging in her discriminatory actions.

11.  From October, 1987 through May, 2005, Plaintiff consistently received good performance evaluations and performed his job duties in a minimum of a Satisfactory rating, but often in a Satisfactory Plus or Excellent manner.

12.  PLAINTIFF has never violated the handcuff policy of DEFENDANT.  However, Ms. Jordan began a pattern of discriminatory behavior against PLAINTIFF beginning in October, 2005, complaining about PLAINTIFF's use of handcuffs in apprehensions.  PLAINTIFF alleges that these "Corrective Action Reports" were unwarranted and given solely with the intent to harass and discriminate against him because of his status as an over-40-year-old African-American.

13.  On or about March 10, 2006, Ms. Jordan terminated PLAINTIFF's employment with DEFENDANT for an alleged violation of DEFENDANT's handcuff policy.

14.  On February 2, 2007, PLAINTIFF filed a Complaint with the California Department of Fair Employment and Housing (hereinafter "DFEH") for violations of the Fair Employment and Housing Act, for employment discrimination on the basis of his age, race, and retaliation for protesting.  The DFEH issued PLAINTIFF a *Right to Sue* letter on May 16, 2007.

15.  Plaintiff alleges that he was qualified, willing and able to perform his duties, and that DEFENDANTS' actions as heretofore described were invidious actions designed to discriminate against Plaintiff on the basis of his age and race and in violation of State and Federal law as herein alleged.

### FIRST CAUSE OF ACTION

### FOR DISCRIMINATION IN EMPLOYMENT IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT

Exh. A, page 6

16.  PLAINTIFF refers to and incorporates herein by reference as though fully set forth below its allegations contained in paragraphs 1 to 15, inclusive.

17.  The above-described conduct constitutes actual or constructive termination of the PLAINTIFF, or, at a minimum, is an adverse personnel action.  This action was motivated by PLAINTIFF's age and/or race and/or PLAINTIFF'S complaint of his treatment to managers.  It is irrefutable that PLAINTIFF was 50 years old at the time of his termination, and an African-American.  It is furthermore irrefutable that he was and is qualified to perform the job from which he was involuntarily separated.

18.  PLAINTIFF has exhausted all available internal and administrative remedies prior to filing suit, filed a complaint with the Department of Fair Employment and Housing, and received a *Notice of Right to Sue* dated May 16, 2007, prior to filing this complaint.  This complaint is timely filed within one year of the date of the DFEH notice.

19.  As a result of DEFENDANTS' wrongful termination and/or adverse employment action, PLAINTIFF has suffered and continues to suffer economic damages, in the form of wages, experience base and other employment benefits of employment, entitling him to damages in an amount to be determined according to proof.

20.  Furthermore, PLAINTIFF has suffered severe emotional and physical distress, entitling him to economic damages for the care and treatment thereof, as well as general damages for his pain and suffering.

21.  PLAINTIFF further alleges that the aforesaid conduct was malicious and oppressive as those terms are defined by California Civil Code sections 3294(c)(1) and 3294(c)(2), entitling Plaintiff to punitive damages, in that:

(a) DEFENDANTS intended to cause injury to PLAINTIFF and acted in a despicable manner by discriminating against him as herein alleged on the basis of his age and race;

(b) DEFENDANTS acted willfully and with conscious disregard for the rights of PLAINTIFF by terminating him as a Loss Prevention Officer Level III, knowing that PLAINTIFF was willing, capable, qualified and able to perform his duties;

4

1    (c) DEFENDANTS' conduct was despicable in subjecting PLAINTIFF to cruel and

2    unusual hardship in conscious disregard of his rights, knowing that PLAINTIFF was a valuable

3    employee, had no history of adverse personnel actions against him, and terminating him because of

4    his age and race.

5    22. Plaintiff has incurred attorney's fees in the prosecution of this action, and is entitled to

6    remuneration for the same pursuant to Government Code Section 12965.

7             **SECOND CAUSE OF ACTION FOR**

8    **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**
                  **(as against all Defendants)**

9    23. PLAINTIFF refers to and incorporates herein by reference as though fully set forth

10    below its allegations contained in paragraphs 1 to 22, inclusive.

11    24. The above-described conduct of DEFENDANTS constitutes termination, wrongful

12    discipline, and discrimination of a 50-years-old African-American employee in violation of the

13    California Fair Employment and Housing Act (FEHA) (Cal.Govt. Code § 12900, *et seq*).

14    25. As alleged above, PLAINTIFF has exhausted all available internal and administrative

15    remedies at his disposal.

16    26. As a result of DEFENDANTS' wrongful termination and/or adverse employment action,

17    PLAINTIFF has suffered and continues to suffer economic damages, in the form of wages,

18    experience base and other employment benefits of employment, entitling him to damages in an

19    amount to be determined according to proof.

20    27. Furthermore, PLAINTIFF has suffered severe emotional and physical distress, entitling

21    him to economic damages for the care and treatment thereof, as well as general damages for his pain

22    and suffering.

23    28. PLAINTIFF further alleges that the aforesaid conduct was malicious and oppressive as

24    those terms are defined by California Civil Code sections 3294(c)(1) and 3294(c)(2), entitling

25    PLAINTIFF to punitive damages, in that:

26    (a) DEFENDANTS intended to cause injury to PLAINTIFF and acted in a despicable

27    manner by discriminating against him as herein alleged on the basis of his age and race;

28

Exh. A, page 8

1    (b) DEFENDANTS acted willfully and with conscious disregard for the rights of

2  PLAINTIFF by terminating him as a Loss Prevention Officer Level III, having no reasonable basis

3  for doing so, knowing that PLAINTIFF was willing, capable, qualified and able to perform his

4  duties;

5    (c) DEFENDANTS' conduct was despicable in subjecting PLAINTIFF to cruel and

6  unusual hardship in conscious disregard of his rights, knowing that PLAINTIFF was valuable

7  employee, had no history of adverse personnel actions against him, and terminating him because of

8  his age and race.

9    29.  PLAINTIFF has incurred attorney's fees in the prosecution of this action, and is

10  entitled to remuneration for the same pursuant to Government Code Section 12965.

11                        **THIRD CAUSE OF ACTION**
                              **RETALIATION**
12                      **(as against all Defendants)**

13    30.  PLAINTIFF refers to and incorporates herein by reference as though fully set forth

14  below its allegations contained in paragraphs 1 to 29, inclusive.

15

16    31.  The above-described conduct of DEFENDANTS constitutes violations of FEHA in

17  that DEFENDANTS discriminated against PLAINTIFF by terminating him after he complained of

18  and protested being harassed and discriminated against by his immediate supervisor.

19    32.  PLAINTIFF alleges that the conduct described in paragraph 31 was retaliatory in

20  that PLAINTIFF had a right not to be discriminated against in the workplace, yet when he protested

21  that he had been discriminated against he was wrongfully terminated.

22    33.  PLAINTIFF further alleges that his age and race and his protestations of

23  discrimination in the workplace of DEFENDANTS on that basis were the motivating reasons for

24  PLAINTIFF'S discharge from the employ of TARGET.  PLAINTIFF further alleges that these

25  actions were a substantial factor in causing PLAINTIFF harm as herein alleged.

26

27    34.  As a result of DEFENDANTS' retaliation of PLAINTIFF, PLAINTIFF has suffered

28

Exh. A, page 9

and continues to suffer economic damages, in the form of wages, experience base, and other

employment benefits of employment, entitling him to damages in an amount to be determined

according to proof.

35.  Furthermore, PLAINTIFF has suffered severe emotional and physical distress,

entitling him to economic damages for the care and treatment thereof, as well as general damages for

his pain and suffering.

36.  PLAINTIFF further alleges that the aforesaid conduct was malicious and oppressive as

those terms are defined by California Civil Code sections 3294(c)(1) and 3294(c)(2), entitling

PLAINTIFF to punitive damages, in that:

(a)DEFENDANTS intended to cause injury to PLAINTIFF and acted in a despicable

manner by discriminating against him as herein alleged on the basis of his age and race;

(b)DEFENDANTS acted willfully and with conscious disregard for the rights of

PLAINTIFF by terminating him as a Loss Prevention Officer Level III, having no reasonable basis

for doing so, knowing that PLAINTIFF was willing, capable, qualified and able to perform his

duties;

c) DEFENDANTS' conduct was despicable in subjecting PLAINTIFF to cruel and

unusual hardship in conscious disregard of his rights, knowing that PLAINTIFF was valuable

employee, had no history of adverse personnel actions against him, and terminating him because of

his age and race.

37.  PLAINTIFF has incurred attorney's fees in the prosecution of this action, and is entitled

to remuneration for the same.

## PRAYER FOR
## DAMAGES AND OTHER REMEDIES

WHEREFORE, PLAINTIFF prays for judgment against DEFENDANTS and relief as

follows:

1.  For economic and compensatory damages according to proof and prejudgment interest

thereon to the extent allowable by law;

2.  For exemplary and punitive damages;

7

1      3.  For attorneys' fees;

2      5.  For costs of suit herein incurred;

3      6.  For other and further relief as the court may deem proper.

4           **PLAINTIFF DEMANDS THAT THIS ACTION BE TRIED BY JURY.**

5

6  Dated:     MAY 14, 2008               DOAN LAW FIRM, LLP

7

8                                By:_____

9                                  DONALD A. GREEN, ESQ.

10                                ATTORNEYS FOR PLAINTIFF,
                                      CLIFF EARL ALLEN

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit B

1  WILSON PETTY KOSMO & TURNER LLP
   CLAUDETTE G. WILSON (110076)
2  KRISTA M. CABRERA (190595)
   550 West C Street, Suite 1050
3  San Diego, California 92101
   Telephone: (619) 236-9600
4  Facsimile: (619) 236-9669

5  Attorneys for Defendant
   TARGET CORPORATION

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SAN DIEGO

10

11  CLIFF EARL ALLEN, an individual,        Case No. 37-2008-00083756-CU-WT-CTL

12              Plaintiff,                   **TARGET CORPORATION'S ANSWER
                                             TO PLAINTIFF'S COMPLAINT**
13         v.
                                             Complaint Filed: May 15, 2008
14  TARGET CORPORATION, and DOES 1
    through 20, inclusive,                   Dept.:     C-72
15                                           Judge:     Hon. Michael M. Anello
              Defendants.                    Trial Date: Not Set
16

17

18        Defendant TARGET CORPORATION ("Defendant") hereby answers the Complaint

19  ("Complaint") of Plaintiff Cliff Earl Allen ("Plaintiff") on file herein as follows:

20                            **GENERAL DENIAL**

21        Pursuant to Code of Civil Procedure section 431.30, subdivision (d), Defendant generally

22  denies each and every allegation in each and every paragraph and cause of action in Plaintiff's

23  unverified Complaint, denies that Plaintiff was injured or has suffered damages in any sum and

24  further denies that Plaintiff is entitled to the relief claimed, or any relief, on the grounds alleged or

25  otherwise.

26                         **AFFIRMATIVE DEFENSES**

27        1.    Plaintiff's Complaint, and each and every count or cause of action therein, fails to

28  state facts sufficient to constitute any claim or cause of action against Defendant.

                                      1
───────────────────────────────────────────────────────
        TARGET CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

Exh. B, page 12

2.      Defendant is informed and believes that all of Plaintiff's claims or causes of action may be barred by the applicable statutes of limitations, including, without limitation, Code of Civil Procedure sections 335.1, 337, 338, 339, 340, and 343, and Government Code section 12900 et seq.

3.      Defendant did not authorize, ratify, acquiesce in, have knowledge of, have reason to know of, approve, participate in, or direct action by any person or entities, constituting unlawful conduct toward Plaintiff, whether as alleged or otherwise.

4.      Plaintiff is estopped by his conduct from recovering any relief by his Complaint, or any purported claim or cause of action alleged therein.

5.      Any recovery on Plaintiff's Complaint or any purported claim or cause of action alleged therein is barred because the term of employment of Plaintiff was unspecified and therefore terminable at-will, with or without cause.

6.      Without admitting the allegations of the complaint, Defendant alleges that Plaintiff was terminated for just cause and business reasons.

7.      By his conduct, Plaintiff has waived any right to recover any relief sought in his Complaint, or any purported claim or cause of action alleged therein.

8.      Any recovery on Plaintiff's Complaint, or any claim or purported cause of action alleged therein, is barred because the disputed conduct was privileged and/or justified, including, without limitation, under California Civil Code section 47.

9.      Decisions made regarding Plaintiff's employment were made in the exercise of proper managerial discretion and in good faith based on legitimate reasons.

10.     Regarding Plaintiff's first and third causes of action, Defendant is informed and believes that Plaintiff's causes of action are barred by Plaintiff's failure to timely exhaust his administrative remedies for such claims, including those provided by the DFEH or under the California Fair Employment and Housing Act.

11.     Defendant alleges that Plaintiff's claims under the California Fair Employment and Housing Act may not be maintained to the extent they exceed or differ from the allegations of an administrative charge filed with the appropriate administrative agency.

TARGET CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

12.    In the event that Plaintiff proves any wrongful acts by Defendant, the adverse employment decision about which Plaintiff complains would have been the same even if the alleged wrongful motive played no role.

13.    Defendant exercised reasonable care to prevent and promptly investigate any alleged harassing or discriminatory behavior in the workplace. Defendant is informed and believes, and on that basis alleges, that Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant to avoid harm otherwise. By reason of the foregoing, Plaintiff is barred, in whole or in part, from recovery on the alleged causes of action in the Complaint.

14.    Defendant is informed and believes that this action may be barred and/or Defendant's liability may be limited by after-acquired evidence of Plaintiff's misconduct.

15.    Without admitting the allegations contained in the Complaint, if Plaintiff suffered any loss or damage, such loss or damage was proximately caused, at least in part, by Plaintiff's own failure to mitigate against his alleged damages, and therefore, Plaintiff's claims must be reduced, diminished, or defeated by such amounts as should have been so mitigated.

16.    If any loss, injury, damage, or detriment occurred as alleged in the Complaint, the loss, injury, damage, or detriment was caused and contributed to by the actions of Plaintiff, or by other factors outside of Plaintiff's relationship with Defendant. Furthermore, as Plaintiff did not exercise ordinary care on his own behalf, his own acts and omissions proximately caused and contributed to the loss, injury, damage, or detriment to Plaintiff, and Plaintiff's recovery from Defendant, if any, should be reduced in proportion to the percentage of Plaintiff's negligence or fault.

17.    To the extent Plaintiff suffered any symptoms of mental or emotional distress or injury, Defendant is informed and believes they were the result of a pre-existing psychological disorder or alternative concurrent cause, and not the result of any act or omission of Defendant.

18.    To the extent that Plaintiff's Complaint, or any purported claim or cause of action alleged therein, alleges emotional or physical injury, any recovery is barred by the California Workers' Compensation Act's exclusive remedies.

Exh. B, page 14

19.    Without admitting any wrongful conduct by Defendant, to the extent any of the claims or causes of action of Plaintiff's Complaint or the damages thereon are based on a loss of employee benefits, those counts are preempted by the Employment Retirement Income Security Act (ERISA), 29 U.S.C. section 1101, et seq.

20.    The imposition of punitive damages would violate Defendant's due process and equal protection rights under the United States Constitution.

21.    Plaintiff has suffered no cognizable damage or injury as a result of the conduct alleged in the complaint.

22.    Regarding all of Plaintiff's causes of action, Defendant's alleged actions are insufficient to sustain the imposition of punitive damages.

23.    Defendant currently has insufficient information available upon which to form a belief as to whether it has additional, as yet unstated, affirmative defenses available.  Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates it would be appropriate.

WHEREFORE, Defendant prays as follows:

1.    That Plaintiff takes nothing by his Complaint for damages;

2.    That Plaintiff's Complaint herein be dismissed in its entirely with prejudice;

3.    That judgment be entered against Plaintiff and in favor of Defendant;

4.    That Defendant recovers its costs of suit herein, including reasonable attorneys' fees; and

5.    That the Court award such other and further relief as it deems appropriate.

Dated:    July 8, 2008                **WILSON PETTY KOSMO & TURNER LLP**

By:    _____
Claudette G. Wilson
Krista M. Cabrera
Attorneys for Defendant
TARGET CORPORATION

TARGET CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

Exh. B, page 15

| SAN DIEGO SUPERIOR COURT, STATE OF CALIFORNIA | | COURT USE ONLY |
|---|---|---|
| TITLE OF CASE (ABBREVIATED)<br>Allen v. Target Corporation | | |
| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS):<br>CLAUDETTE G. WILSON (110076)<br>KRISTA M. CABRERA (190595)<br>**WILSON PETTY KOSMO & TURNER LLP**<br>550 West C Street, Suite 1050<br>San Diego, CA 92101 | TELEPHONE NO.:<br>Tel. (619) 236-9600<br>Fax: (619) 236-9669 | ~~CIVIL ~ BUSINESS OF ~~~~~~<br>~~CENTRAL DIVISION~~<br><br>2008 JUL -8 AM 5: 26<br><br>~~SAN DIEGO COUNTY, CA~~ |
| ATTORNEYS FOR:<br>Defendant, TARGET CORPORATION | HEARING DATE – TIME | CASE NUMBER:<br>37-2008-00083756-CU-WT-CTL |

## PROOF OF SERVICE

At the time of service I was over 18 years of age and not a party to this action. My business address is Wilson Petty Kosmo & Turner LLP, 550 West C Street, Suite 1050, San Diego, CA 92101.

On July 8, 2008, I served the following documents:

1.    TARGET CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

I served the documents on the person below, as follows:

> Donald A. Green
> Doan Law Firm, LLP
> 2850 Pio Pico Drive, Suite D
> Carlsbad, CA 92008
> Phone: 760.450.3333
> Fax: 760.720.6082
> *Attorney for Plaintiff, Cliff Earl Allen*

☐    **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☒    **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addressed below and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐    **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐    **By e-mail or electronic transmission.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

Executed on July 8, 2008, at San Diego, California.

_____
Tracey Cornish

Exh. B, page 16

00086793

| UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA | | COURT USE ONLY |
|---|---|---|
| TITLE OF CASE (ABBREVIATED)<br>Allen v. Target Corporation | | |
| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS):    TELEPHONE NO.:<br>CLAUDETTE G. WILSON (110076)    Tel. (619) 236-9600<br>KRISTA M. CABRERA (190595)    Fax: (619) 236-9669<br>**WILSON PETTY KOSMO & TURNER LLP**<br>550 West C Street, Suite 1050<br>San Diego, CA 92101 | | |
| ATTORNEYS FOR:<br>Defendant, TARGET CORPORATION | HEARING DATE – TIME | CASE NUMBER: |

## PROOF OF SERVICE

At the time of service I was over 18 years of age and not a party to this action. My business address is Wilson Petty Kosmo & Turner LLP, 550 West C Street, Suite 1050, San Diego, CA 92101.

On July 9, 2008, I served the following documents:

1.  CIVIL COVER SHEET
2.  NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a) DIVERSITY

I served the documents on the person below, as follows:

    Donald A. Green
    Doan Law Firm, LLP
    2850 Pio Pico Drive, Suite D
    Carlsbad, CA 92008
    Phone: 760.450.3333
    Fax: 760.720.6082
    *Attorney for Plaintiff, Cliff Earl Allen*

☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☒ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addressed below and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **By e-mail or electronic transmission.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 9, 2008, at San Diego, California.

           _Tracey Cornish_
           Tracey Cornish

00088144

# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

## #  152806      --  TC

## July 09, 2008
## 11:51:38

### Civ Fil Non-Pris
USAO #.: 08CV1224
Judge..: BARRY T MOSKOWITZ
Amount.:                $350.00 CK
Check#.: BC10884

## Total-> $350.00

FROM: CLIFF EARL ALLEN
      VS.
      TARGET

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
CLIFF EARL ALLEN, an individual

## DEFENDANTS
TARGET CORPORATION, and DOES 1 through 20, inclusive

FILED

'08 CV 1224 BTM CAB

08 JUL -9 AM 11: 48

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                          DEPUTY

(b) County of Residence of First Listed Plaintiff  San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Doan Law Firm, LLP
Donald A. Green
2850 Pio Pico Drive, Suite D
Carlsbad, CA 92008
Phone:  760.450.3333

Attorneys (If Known)
Wilson, Petty, Kosmo & Turner, LLP
Claudette G. Wilson; Krista M. Cabrera
550 West C Street, Suite 1050
San Diego, CA 92101
Phone:  619.236.9600

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | PROPERTY RIGHTS | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | PERSONAL PROPERTY | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motion to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [X] 442 Employment | Habeas Corpus: | [ ] 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | IMMIGRATION | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & other | [ ] 462 Naturalization Application | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | [ ] 463 Habeas Corpus - Alien Detainee | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1441 (a)
Brief description of cause:
Diversity

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  [X] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):    JUDGE                          DOCKET NUMBER

DATE  7/8/08          SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT #  152206     AMOUNT  $350     APPLYING IFP           JUDGE           MAG. JUDGE
JAC  7/9/08

CSDJS44