UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFF EARL ALLEN, an individual,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>TARGET CORPORATION, and DOES 1 through 20, inclusive,<br><br>　　　　　　　　　　　Defendant. | Civil No.   08cv1224-BTM(CAB)<br><br>**ORDER FOLLOWING EARLY NEUTRAL EVALUATION CONFERENCE, SETTING RULE 26 COMPLIANCE AND NOTICE OF MANDATORY SETTLEMENT CONFERENCE AND CASE MANAGEMENT CONFERENCE** |

　　　　On August 21, 2008, the Court held a telephonic Early Neutral Evaluation Conference (ENE).  The case did not settle.  Therefore, the Court discussed compliance with Federal Rules of Civil Procedure, Rule 26 immediately thereafter.  Based thereon, **IT IS HEREBY ORDERED**:

　　　　1.　　Any objections made to initial disclosure pursuant to Federal Rule of Civil Procedure, Rule 26(a)(1)(A)-(D) are overruled, and the parties are ordered to proceed with the initial disclosure process.  Any further objections to initial disclosure will be resolved as required by Rule 26.

　　　　2.　　The Rule 26(f) conference shall be completed on or before **September 5, 2008**;

　　　　3.　　The date of initial disclosure pursuant to Rule 26(a)(1)(A-D) shall occur before **September 15, 2008**;

　　　　4.　　A Mandatory Settlement Conference (MSC) shall be held on **September 22, 2008**, at **2:00 p.m.**  If the case does not settle, then a Case Management Conference, pursuant to

1  Federal Rule of Civil Procedure 16(b), shall be held immediately thereafter.  Pursuant to Local
2  Civil Rule 16.3, all party representatives and claims adjusters for insured defendants with full and
3  unlimited authority* to negotiate and enter into a binding settlement, as well as the principal
4  attorney(s) responsible for the litigation, must be present and legally and factually prepared to
5  discuss and resolve the case at the MSC.  Retained outside corporate counsel <u>shall not</u> appear on
6  behalf of a corporation as the party who has the authority to negotiate and enter into a settlement.
7  Failure to attend the conference or obtain proper excuse will be considered grounds for sanctions.
8  No further briefing is required for the MSC, unless the parties wish to supplement their
9  previous briefs submitted for the ENE.
10  Failure of any counsel or party to comply with this Order will result in the imposition of
11  sanctions.
12  **IT IS SO ORDERED**.

14  DATED: August 21, 2008

16  _____
    **CATHY ANN BENCIVENGO**
    United States Magistrate Judge

---

24  *"Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the
25  parties.  <u>Heileman Brewing Co., Inc. v. Joseph Oat Corp.</u>, 871 F.2d 648 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party.
26  <u>Pitman v. Brinker Intl., Inc.</u>, 216 F.R.D. 481, 485-486 (D. Ariz. 2003).  The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of
27  the case may be altered during the face to face conference.  Id. at 486.  A limited or a sum certain of authority is not adequate.  <u>Nick v. Morgan's Foods, Inc.</u>, 270 F.3d 590 (8th Cir. 2001).